IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

EUGENE FERRI,

    Plaintiff,

v.                                                    Case No. 18-cv-1012 KWR-KRS

NEW MEXICO DEPARTMENT
OF CORRECTIONS, *et al,*

    Defendants.

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court following Plaintiff Eugene Ferri's failure to file an amended civil rights complaint as directed. Ferri is incarcerated and proceeding *pro se.* For the reasons below, the Court will dismiss this case without prejudice.

### BACKGROUND

Ferri's original complaint raised various constitutional claims stemming from a prison-wide property audit at the Lea County Correctional Facility (LCCF). (Doc. 1). The audit, or "shake-down" occurred in January or February of 2018. (Doc. 1 at 8, 34). Inmates were required to send certain items home if they exceeded limits created by the New Mexico Department of Corrections (NMDOC). *Id.* at 34-35, 112. The original, 133-page complaint raised three claims under 42 U.S.C. § 1983. Ferri argued prison officials: (Count 1) violated the due process clause through the arbitrary revocation of property; (Count 2) mishandled the grievance process; and (Count 3) violated his equal protection rights. (Doc. 1 at 112).

By a ruling entered April 22, 2020, the Court screened the original complaint pursuant to 28 U.S.C. § 1915A and determined it failed to state a cognizable claim. (Doc. 9). Consistent

with *Reynoldson v. Shillinger,* 907 F.2d 124, 126 (10th Cir. 1990), the Court directed Ferri to file an amended complaint by May 22, 2020.  In addition to describing the defects in the original pleading, the ruling set forth the pleading standards for each claim and provided guidance on naming the proper defendants.  The ruling also warned that "[i]f Ferri declines to timely file an amended complaint, … the Court will dismiss the case without further notice."  (Doc. 9 at 10-11).

Ferri did not timely amend.  Instead, he filed a motion for extension of time on May 21, 2020, the day before the amendment deadline.  (Doc. 10).  Ferri alleged the thirty-day deadline was unfair based on his limited access to the law library.  He requested a "minimum 30 day response [period] from [the] Date ? these restrictions are revoked!"  (Doc. 10 at 1) (punctuation in original).  The Court found good cause to grant an extension but denied Ferri's request to make it open-ended.  (Doc. 11) (Extension Order).  The Court extended the deadline to file an amended complaint through June 26, 2020, *i.e.,* thirty days from the entry of the Extension Order.

Ferri failed to timely comply with the Extension Order, again opting to file a motion for extension of time on the day before the extended amendment deadline.  (Doc. 12).  The second motion for extension alleges the prison has remained on "tier time," with "No Projected termination date."  *Id.* at 1 (emphasis in original).  Ferri also contends he has no access to the law library, and that he experienced several lockdowns.  *Id.*  As with the first motion, Ferri insists that the extended deadline must be open-ended, and must begin to run a "minim[um of] 30 days from the actual date facility restrictions terminate."  *Id.*

The Court will consider whether it is more appropriate to dismiss the complaint without prejudice to refiling, rather than overlooking the second failure to timely amend.

**DISCUSSION**

Fed. R. Civ. P. 41(b) allows involuntary dismissal of an action "[i]f the plaintiff fails to prosecute or to comply with ... a court order." Fed. R. Civ. P. 41(b). The Court may also dismiss actions *sua sponte* for failure to prosecute. *See Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003) (Rule 41(b) has long been construed to let courts dismiss actions sua sponte when plaintiff fails to prosecute or comply with orders); *Bills v. United States*, 857 F.2d 1404, 1405 (10th Cir. 1988) (recognizing dismissal for failure to prosecute as "standard" way to clear "deadwood from the courts' calendars" when prolonged and unexcused delay by plaintiff). If the dismissal is without prejudice, "a district court may, without abusing its discretion, enter … [a dismissal order] without attention to any particular procedures." *Nasious v. Two Unknown B.I.C.E. Agents at Araphoe County Justice Ctr.*, 492 F.3d 1158, 1162 (10th Cir. 2007). If the dismissal is with prejudice, or if the statute of limitations has expired on the dismissed claims, courts must consider certain criteria including prejudice, culpability, and advance warnings. *Id.* (collecting cases).

Dismissal without prejudice is an option here because Ferri's claims would not be time-barred if filed anew. Section § 1983 violations occurring in New Mexico are governed by the three-year personal injury statute of limitations contained in N.M.S.A. § 37-1-8 (1978). *See Varnell v. Dora Consol. Sch. Dist.,* 756 F.3d 1208, 1212 (10th Cir. 2014); *McCarty v. Gilchrist*, 646 F.3d 1281, 1289 (10th Cir. 2011) (The statute of limitations under § 1983 "is dictated by the personal injury statute of limitations in the state in which the claim arose."). The original complaint indicates that all claims stem from the property audit that occurred at LCCF in January or February of 2018. (Doc. 1). The statute of limitations will therefore not expire until January

3

2021, at the earliest. The only practical consequence of dismissal without prejudice is that Ferri will have to refile the case before that time.

The Court finds such consequence is appropriate under the circumstances. Ferri has had 70 days from entry of the screening ruling to amend his civil rights complaint. The ruling specifically warned that the failure to timely amended would result in dismissal. (Doc. 9 at 10-11). Nevertheless, Ferri refuses to commit to specific filing deadline and maintains the extension must be open-ended and tied to the end of his prison's tier-time restrictions, which the Court has no way of tracking. (Docs. 10, 12). The Court is not convinced that granting another extension (thirty days, for example) would prompt Ferri to prosecute this case. Moreover, the motions for extension give no indication of what information, if any, Ferri wishes to research before submitting an amended pleading. *Id.* The screening ruling set out the legal standard for each claim and explained that pro se litigants must only submit a short and plain statement for the grounds for relief. (Doc. 9).

For these reasons, the Court will deny the second motion for extension of time (Doc. 12) and dismiss Ferri's prisoner civil rights action without prejudice. *See, e.g., Johnson v. Dash,* 656 Fed. App'x 431, 433 (10th Cir. 2016) (finding no abuse of discretion where district court denied second request for extension based on inmate's "limited library time," as inmate had "ample time to familiarize himself with the issues and authorities"). Because a Rule 41 order is not a dismissal on the merits, this ruling will not count as a "strike" under the three-strikes rule governing civil prisoner complaints. *See* 28 U.S.C. § 1915(g) (Prisoners generally cannot proceed in forma pauperis if three prior prison-complaints were dismissed as frivolous, malicious, or for failure to state a claim). If Ferri wishes to pursue his claims stemming from the 2018 property audit, he

should file another complaint before the statute of limitations expires in January 2021. The Court will direct the Clerk's Office to mail Ferri a form civil rights complaint and a form *in forma pauperis* motion, should he wish to refile the claims.

**IT IS ORDERED** that Ferri's Second Motion for Extension of Time to Amend Complaint (**Doc. 12**) is **DENIED.**

**IT IS FURTHER ORDERED** that Ferri's Prisoner Civil Rights Action (**Doc. 1**) is **DISMISSED without prejudice** pursuant to Fed. R. Civ. P. 41(b); and the Court will enter a separate judgment disposing of this civil case.

**IT IS FURTHER ORDERED** that the Clerk's Office shall **MAIL** Ferri a form § 1983 complaint and a form in forma pauperis motion, should he wish to refile his claims.

_____
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE